UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LIZZETTE R.,

            Plaintiff,

       v.                                               **DECISION AND ORDER**

                                                                                23-CV-6724S

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

      1.      Plaintiff Lizzette R.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for disability insurance benefits under Title II of the Act. (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2.      Plaintiff protectively filed her application with the Social Security Administration on March 18, 2021.  She alleged disability beginning June 2, 2020, due to status post N-stemi Myocardial infarction ("MI"), chronic stable angina, diabetes, coronary artery disease ("CAD") status post stenting, osteoarthritis in the bilateral knees, moderate degenerative joint disease in the right knee, lumbar spinal stenosis/degenerative disc disease, hyperostosis at L4-S1, chronic gastritis resulting in chest tightness, hypertension, hyperlipidemia, asthma, diabetic retinopathy, depressive disorder, anxiety related disorder, obsessive compulsive disorder, history of episodes of transient confusion and lightheartedness, left shoulder mild to moderate supraspinatus, and

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

infraspinatus tendinopathy.  Plaintiff's application was denied, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ").

3. On November 15, 2022, ALJ Eric Eklund commenced a telephone hearing (due to the COVID-19 pandemic) at which Plaintiff and Vocational Expert Robert Baker appeared and testified.  (R.[2] at 14-45.)  Plaintiff was 59 years old when she applied for benefits, she had attended college for three years, and was employed performing hospital work.  (R. at 20, 22; see R. at 621.)

4. The ALJ considered the case *de novo* and on November 28, 2022, issued a written decision denying Plaintiff's application for benefits.  (R. at 94.)  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the pending action challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 7, 9.)  Plaintiff filed a response on May 31, 2024 (Docket No. 10), at which time this Court took the Motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion will be denied and Defendant's Motion will be granted.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v.

---

[2] Citations to the underlying administrative record are designated as "R."

[3] The ALJ's November 28, 2022, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 26 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. At Step Two, an impairment or combination of impairments is deemed "severe" if it significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c); see Miller v. Berryhill, No. 16-CV-06467 (MAT), 2017 WL 4173357, at *7 (W.D.N.Y. Sept. 20, 2017). On the other hand, an impairment or combination of impairments is "not severe" when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. See SSR 85-28, 1985 WL 568556, at *3-4 (S.S.A. 1985); 20 C.F.R. § 404.1522; Donahue v. Colvin, No. 6:17-CV-06838 (MAT), 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018). Further, while one may differ on the assessment of a claimant's "Paragraph B" criteria, this Court must affirm the ALJ's

4

findings that undergird the severity finding where they are supported by substantial evidence.  See Biestek v. Berryhill, 587 U.S. 97, 102-03, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019); Brault v. Social Sec. Admin. Comm'r, 683 F.3d 443, 448 (2d Cir. 2012).

11.     At this Step, the claimant bears the burden of establishing the severity of her impairment.  But this severity "requirement is *de minimis* and is meant only to screen out the weakest of claims."  Herman S. v. Comm'r, 577 F. Supp. 3d 190, 195 (W.D.N.Y. 2022); see also Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995).

12.     Despite this *de minimis* screening standard at Step Two, a claimant's mental impairments also are evaluated under a special technique applying the "Paragraph B" criteria to determine whether they were medically determinable mental impairments and establish the degree of functional limitation resulting therefrom in four broad functional areas such as the claimant's understanding, remembering, or applying information; interaction with others; concentration, persistence, or maintenance of pace; and adapting or managing oneself.  20 C.F.R. § 404.1520a(c)(3); see Melendez v. Comm'r, No. 17-CV-299-FPG, 2020 WL 4274510, at *2 (W.D.N.Y. July 24, 2020).

13.     The analysis of impairment at Step Two "and in formulating the RFC are 'analytically distinct.'"  Coulter v. Comm'r, 673 F. Supp. 3d 365, 376 (S.D.N.Y. 2023) (quoting David Q. v. Comm'r, No. 20-CV-1207, 2022 WL 806628, at *5 (W.D.N.Y. Mar. 17, 2022)).  The Step Two assessment does not relieve the ALJ of the obligation "to discuss Plaintiff's mental health impairments in formulating the RFC." Garcia v. Comm'r, No. 21-CV-1230, 2022 WL 4234555, at *14 (S.D.N.Y. Sept. 14, 2022); Coulter, 673 F. Supp. 3d at 376.  "An ALJ may properly determine that mild limitations found during the Paragraph B analysis do not translate into functional limitations within the RFC.  But an

ALJ must provide a basis for understating how they made that determination." Coulter, 673 F. Supp. 3d at 376.

14. When the ALJ assesses a claimant's RFC, see 20 C.F.R. §§ 404.1546(c), 416.946(c), his "conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022); see also Perales, 402 U.S. at 399.

15. Although the claimant has the burden of proof at the first four steps of the disability sequential analysis, including finding at Step Four that she could perform her past relevant work, the Commissioner has the burden of proof at the fifth and final step. See Yuckert, 482 U.S. at 146 n.5. The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983).

16. The ALJ here analyzed Plaintiff's claim for benefits under the process set forth above. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset date of July 12, 2021. (R. at 96.) At Step Two, the ALJ found that Plaintiff had the following severe impairments: MI, angina, diabetes, CAD, osteoarthritis in the knees, moderate degenerative joint disease in the right knee, lumbar spinal stenosis/degenerative disc disease, hyperostosis, chronic gastritis, hypertension, hyperlipidemia, and asthma. (R. at 96.) As for her claimed mental disorders, left shoulder supraspinatus, and infraspinatus tendinopathy, the ALJ found that there was no evidence

to support a conclusion of their respective severity and no evidence of these impairments having effect on Plaintiff's ability to perform basic work activities, hence deeming each of them not severe. (R. at 97.)

17. At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 98.)

18. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with exceptions. Specifically, the ALJ found that Plaintiff could stand and walk for 4 hours in an 8-hour workday while she was not able to climb ladders, ropes and scaffolds, or crawl. Further, the ALJ observed that Plaintiff could "less than occasionally" kneel or climb ramps and stairs, while occasionally stooping and crouching. The ALJ found that Plaintiff should not be exposed to extreme cold, heat, wetness, humidity, concentrated fumes, odors, dust, gasses, poorly ventilated areas, concentrated chemicals, moving machinery, unprotected heights, or excessive vibration. (R. at 98.) The ALJ, however, did not expressly state any mental health limitations in the RFC.

19. Based on the Vocational Expert's opinion at Step Four, the ALJ found that Plaintiff could perform her past relevant work as a hospital administrative clerk, a light exertion job. (R. at 102-03.) Alternatively, even if Plaintiff was limited to performing less strenuous sedentary work, the Expert opined that Plaintiff still could work as a hospital admitting clerk  Accordingly, the ALJ found that Plaintiff was not disabled. (R. at 103.)

20. Plaintiff now argues that the ALJ's decision was not supported by substantial evidence because the ALJ failed to reconcile the RFC with mental health opinions he deemed persuasive.

21. Plaintiff only challenges the mental limitations findings in the RFC. As a result, any challenge to the physical limitation findings in the RFC is deemed waived. See Wieneke v. Comm'r, No. 18-CV-0637, 2019 WL 5784938, at *4 (W.D.N.Y. Nov. 6, 2019).

22. Considering Plaintiff's arguments, this Court finds that there was substantial evidence for the ALJ's determination. The ALJ here found persuasive the opinions of state agency psychologists who opined that Plaintiff's mental limitations were mild but not severe. (R. at 102; see R. at 61-62, 78-79.) Even where Plaintiff met her *de minimis* burden of proof at Step Two of the sequential analysis for establishing the severity of her mental limitations, this Court finds that the ALJ correctly determined that Plaintiff did not require any accommodation in the RFC for her mental impairments because the record lacked evidence showing any hinderance of Plaintiff's performance by those limitations. The ALJ, therefore, properly determined that Plaintiff did not have severe mental limitations. That conclusion was supported by the opinions of state agency psychologists K. Lieber-Diaz, Ph.D., and M. Jurgia, Ph.D., who generally found that Plaintiff had mild limitations in the "Paragraph B" criteria analysis while declaring that those limitations were not severe. (R. at 61-62, 78-79.) Plaintiff merely emphasized the mild findings in each opinion without consideration of the severity opinions expressed therein.

23. Furthermore, the ALJ's finding is supported by the opinion of consultative examiner, Adam Brownfeld, Ph.D., who found no evidence of Plaintiff having any limitation in understanding, remembering, and applying simple directions and instructions,

interacting adequately with supervisors, coworkers, and the public while having evidence of Plaintiff being mildly limited in applying complex directions and instructions, using reasoning and judgment to make work-related decisions, sustaining concentration and performing a task at a consistent pace, sustaining an ordinary routine and regular attendance at work, and regulating emotion, controlling behavior, and maintaining well-being. (R. at 623-24.)

24. Plaintiff now argues that the ALJ did not reconcile state agency psychologists' opinions with finding of non-severe mental limitations. This Court disagrees for Plaintiff mistakenly equates a finding of mild limitation with a severe limitation and disregards the experts' own severity conclusions. This Court recognizes that mild limitations do not necessarily require adding mental limitations to an RFC. Lynette W. v. Comm'r, No. 19-CV-1168-FPG, 2021 WL 868625 at *4 (W.D.N.Y. Mar. 9, 2021). As Magistrate Judge Michael Roemer found in Katherine R. v. Commissioner, the ALJ is not required to include mental limitations in an RFC where the ALJ, at Step Two of the analysis, found that a claimant had only mild limitations in mental functioning. Katherine R. v. Comm'r, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *7 (W.D.N.Y. Nov. 30, 2021).

25. This Court finds that the ALJ distinguished Plaintiff's "Paragraph B" criteria analysis from the eventual RFC finding. First, the ALJ acknowledged that the "Paragraph B" analysis was not the RFC assessment of mental limitations. (R. at 98.) Second, from sufficient evidence in the record establishing the "Paragraph B" criteria, Plaintiff's otherwise normal mental examination findings as reported in the opinion evidence, Plaintiff's treatment record, and Dr. Brownfeld's examination observations, the ALJ

9

appropriately found no need to express mental health limitations in the RFC. (See R. at 102.)

26. As referenced by Plaintiff and as noted by the court in Coulter v. Commissioner, 673 F. Supp. 3d at 376, the "ALJ may properly determine that mild limitations found during the Paragraph B analysis do not translate into functional limitations within the RFC. But an ALJ must provide a basis for understanding how they made that determination." (Docket No. 7, Pl. Memo. at 14-15; Docket No. 10, Pl. Reply Memo at 2.) Unlike the ALJ in Coulter who erroneously omitted any mental limitations for that claimant, the ALJ in the present case considered Plaintiff's nonsevere mental impairments by discussing Plaintiff's mild limitations and evidence in the record to conclude that further discussion of Plaintiff's mental limitations was unwarranted. But cf. id. at 372-73, 376.

27. While Plaintiff was diagnosed with mental health impairments, the ALJ discussed her treatment records and found that they "consistently document[ed] normal findings on mental status examinations and no documentation of significant mental health impairments which would support mental health limitations." (R. at 100.) The ALJ has found Plaintiff's mental impairments inconsequential, rejecting the need to incorporate mental limitations into the RFC. Further, the ALJ provided reasons from Plaintiff's diagnostic record for not incorporating mental health limitations into the RFC. Donna L. v. Comm'r, No. 5:23-CV-0655 (GTS/TWD), 2024 WL 3738067, at *2 (N.D.N.Y. Aug. 9, 2024) (ALJ performed thorough analysis including an assessment of persuasiveness of opinion evidence and consistency with objective evidence).

28. This Court thus finds that the ALJ properly exercised his discretion in weighing the opinion evidence presented herein by reconciling and incorporating the state agency psychologists' mild limitation findings and their severity opinions with an RFC that did not include mental limitations. (R. at 102.) See Poupore v. Astrue, 566 F.3d 303, 307 (2d Cir. 2009). This Court further finds that the ALJ considered Plaintiff's mental impairments, found them to be nonsevere and inconsequential, and appropriately concluded that Plaintiff's mental health limitations need not be included in the RFC. Cf. Coulter, 673 F. Supp. 3d at 376.

29. Moreover, Plaintiff has not shown any limitations due to her mental condition, thus not meeting her burden at Step Four of the sequential analysis of proving that she could not perform her past relevant work. Instead, she relied on the psychologists' mild limitation findings as limitations for her work. But Plaintiff does not articulate how she was unable to perform her past work because of her mental limitations.

30. Semi-skilled work such as Plaintiff's past work as a hospital administrative clerk is defined in the Social Security regulations as work requiring some skills that is more complex than unskilled work but does not require doing more complex duties. Relevant to this case, the mental aspects of semi-skilled work may require alertness and close attention to watching machine processes; inspection, testing, or otherwise looking for irregularities; or tending or guarding equipment, property, materials or persons against loss, damage or injury. 20 C.F.R. § 404.1568(b). A finding of mild mental limitation does not "necessarily preclude semi-skilled work." Grace M. v. Comm'r, No. 20-CV-1023-SR, 2022 WL 912946, at *3 (W.D.N.Y. Mar. 29, 2022); see also Dennis R. v. Comm'r, No. 1:19-CV-938-DB, 2020 WL 7319228, at *13 (W.D.N.Y. Dec. 11, 2020).

31.     Contrary to Plaintiff's contention, the state agency psychologists' findings here are silent as to Plaintiff's ability to perform semi-skilled work such as her past work as a hospital administrative clerk or, the alternative, sedentary work as a hospital admitting clerk.  (Cf. R. at 61-62, 78-79.)  This is in accord with the ALJ finding persuasive these opinions due to their consistency with Plaintiff's treatment records documenting only mild symptoms.  (R. at 102.)

32.     Furthermore, the ALJ's finding that Plaintiff could perform her past relevant work is supported by the opinion of consultative examiner Dr. Brownfeld who found that Plaintiff was mildly limited in applying complex directions and instructions, using reasoning and judgment to maker work-related decisions, sustaining concentration, and performing a task at a consistent pace.  Dr. Brownfeld concluded that these limitations did not appear to be significant enough to interfere with Plaintiff's ability to function. Further, Dr. Brownfeld found that Plaintiff's mental impairments were expected to last only six months.  (R. at 623-24.)  This Court finds that sufficient substantial evidence supports a finding that Plaintiff has no mental limitation to resuming her past work.

33.     Accordingly, having reviewed the ALJ's decision and considered Plaintiff's arguments, this Court finds that the ALJ did consider Plaintiff's nonsevere mental impairments by properly assessing the state agency opinions, observations of treating mental health professionals, and a consultative psychiatric opinion, properly finding that Plaintiff's RFC need not reflect mental limitations.  Since Plaintiff has not shown her inability to perform her past relevant work as a hospital administrative clerk, or a hospital admission clerk, or perform any other semi-skilled work despite having mild mental limitations, she failed to establish her disability.  Thus, there need not be a more detailed

assessment by the ALJ of the sequential evaluation process at Step Five as urged by Plaintiff.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      March 11, 2025
            Buffalo, New York


                                        s/William M.Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge